**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MAHIRAH AWAD,

      Plaintiff,

v.                                                 Case No.: 8:06-cv-1278-T-24TBM

CICI ENTERPRISES,

      Defendant.

_____/

## ORDER

This cause comes before the Court for consideration of Plaintiff's Motion to Remand (Doc. No. 10). Defendant opposes this motion (Doc. No. 16).

**I. Background**

Plaintiff alleges the following in her amended complaint (Doc. No. 12): Plaintiff is a former employee of the Defendant, CiCi Enterprises, where she worked as a prep cook. Plaintiff suffered an industrial accident and was given limited duties at work. As a result of her injuries, Plaintiff alleges that she was subjected to discrimination while employed by Defendant. Plaintiff also contends that Defendant wrongfully terminated her in retaliation for filing a worker's compensation claim. Pursuant to Fla. Stat. § 760.11 and Fla. Stat. § 440.205, Plaintiff is seeking damages for Defendant's alleged acts.

Plaintiff filed her original complaint against Defendant in the Tenth Judicial Circuit Court in and for Polk County, Florida (Doc. No. 2). On July 10, 2006, Defendant removed this action from state court to federal court on the basis of diversity of citizenship pursuant to the provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1332. (Doc. No. 1).

**II. Plaintiff's Motion**

In response to Defendant's notice of removal, Plaintiff filed the instant motion to remand (Doc. No. 10), in which she argues that the case should be remanded because (1) Plaintiff's damages do not exceed the amount in controversy necessary to confer federal jurisdiction, and (2) Defendant has failed to demonstrate that complete diversity of citizenship between the parties exists. Accordingly, the Court will address each argument.

**A. Amount in Controversy**

Plaintiff first argues that removal of this action is improper because Defendant has failed to meet its burden of showing by a preponderance of the evidence that the amount in controversy is greater than $75,000. As a result of Defendant's alleged discrimination and unlawful termination, Plaintiff is seeking compensatory damages, punitive damages, and reasonable attorney's fees in excess of $15,000. Specifically, Plaintiff's complaint alleges that she "has suffered damages, including loss of income, humiliation, embarrassment, and emotional suffering and pain." (Doc. No. 12, ¶ 6). However, Plaintiff contends that her damages, exclusive of interest and costs, will not exceed the jurisdictional requirement.

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). In determining the amount in controversy, reasonable attorney's fees may be included so long as a statute authorizes the recovery of the fees. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000). Furthermore, in addition to compensatory damages, punitive damages

must be considered when calculating the amount in controversy in diversity cases.  Brown v. Cunningham Lindsey U.S., Inc., 2005 WL 1126670 at *5 (M.D. Fla. 2005) (citing Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987)).

Plaintiff has brought this cause of action under the Florida Civil Rights Act ("FRCA"), which specifically allows for the recovery of reasonable attorney's fees, compensatory damages, and punitive damages.  Fla. Stat. § 760.11(5).  Specifically, the FRCA permits a plaintiff to recover up to $100,000 in punitive damages.[1]  Id.  Defendant contends that the totality of these damages is more likely than not to exceed the jurisdictional requirement.  This Court agrees.

In addition, Defendant indicates that Plaintiff has admitted to the fact that she is seeking damages in excess of $75,000 based on her response to a request for admission.  In light of Plaintiff's admission and her request for damages, this Court concludes that Defendant has proven by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.

**B.  Diversity of Citizenship**

Next, Plaintiff argues that this action should be remanded because complete diversity of citizenship does not exist in this case.  Specifically, Plaintiff contends that Defendant is not a corporation with its principal place of business in Texas; rather, Plaintiff asserts that Defendant is actually a limited partnership.[2]  Since none of the initial filings or removal documents demonstrates that Defendant is in fact a corporation, Plaintiff argues that the notice of removal is improper.

---

[1] In its response to Plaintiff's motion to remand, Defendant points out that "there is no indication that Plaintiff is seeking anything less than the statutorily capped maximum amount of punitive damages . . . ."  (Doc. No. 16, p. 8).

[2] Defendant acknowledges that it is in fact a limited partnership and that its notice of removal incorrectly states that Defendant is incorporated in Texas.  Apparently, there was some confusion as to which CiCi Enterprises' entity Plaintiff intended to sue.  However, both parties agree that the correct Defendant is CiCi Enterprises, LP.

"For purposes of diversity of citizenship, a limited partnership is a citizen of each State in which any of its partners, limited or general, are citizens." <u>Blalock v. Wal-Mart Stores East, LP</u>, 2006 WL 1669849 at *1 (M.D. Ala. 2006) (citing <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C</u>, 374 F.3d 1020, 1021 (11th Cir. 2004)).

In its response to Plaintiff's motion to remand, Defendant's CFO, J. Forbes Anderson, asserts that it is indeed a limited partnership and that its principal place of business is based in Coppell, Texas. (Doc. No. 16, Ex. 1). Furthermore, neither the general partner nor the limited partner for Defendant have any offices in Florida. In fact, Defendant's limited partner has its headquarters and offices located in Texas. Because none of Defendant's partners are citizens of the State of Florida, the State in which Plaintiff resides, there is complete diversity of citizenship between the parties. Accordingly, this Court denies Plaintiff's motion to remand and concludes that it has subject matter jurisdiction over this action.

**III. Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (Doc. No. 10) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of October, 2006.

SUSAN C. BUCKLEW
United States District Judge

4