UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MAHIRAH AWAD,**

    **Plaintiff,**

**v.**                                                                               **Case No. 8:06-cv-1278-T-24TBM**

**CICI ENTERPRISES,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on **Defendant's Motion to Compel Discovery Responses** (Doc. 19). By its motion, Defendant seeks an order compelling Plaintiff to provide additional responses and corresponding documents responsive to Requests No. 1, 11, 12, and 19 of Defendant's First Request for Production served on or about May 19, 2006. As grounds, Defendant argues that Plaintiff's individual objections are not consistent with the Federal Rules of Civil Procedure or case law, and that Plaintiff has failed to produce additional documents, supplemental responses, or a privilege log identifying documents protected by the attorney-client privilege or work product doctrine. Plaintiff filed a response in opposition (Doc. 21).

As a threshold matter, Rule 26(b)(1) provides in pertinent part:

> Parties may obtain discovery regarding any matter, not
> privileged, that is relevant to the claim or defense of any
> party. . . . Relevant information need not be admissible at the
> trial if the discovery appears reasonably calculated to lead to
> the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The courts construe the term, "relevant," "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." Oppenheimer Fund v. Sanders, 437 U.S. 342, 351 (1978) (citing Hickman v. Taylor, 329 U.S. 340, 351 (1947)). However, the scope of discovery is not without limits, see Oppenheimer Fund, 437 U.S. at 351-52, and "discovery is not a fishing expedition." Gibbons v. Food Lion, No. 98-1197-CIV-T-23F, 1999 WL 33226474, at *1 (M.D. Fla. Feb. 19, 1999). "Discovery should be tailored to the issues involved in the particular case." Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992) (citing Robbins v. Camden City Bd. of Educ., 105 F.R.D. 49, 55 (D.N.J. 1985)).

By Request No. 1, Defendant seeks "[a]ll document and records which you believe pertain to any of the issues in this lawsuit." By Request No. 19, Defendant seeks "[a]ny notes, documents or records that in any way concern or address your claims that Defendant discriminated and/or retaliated against you." Plaintiff objected to both requests as overly broad, and she asserts the work product doctrine and attorney-client privilege. While the court agrees that the requests, as worded, are overbroad,[1] clearly Plaintiff is obliged to produce all relevant, non-privileged documents in her possession, custody, or control that relate to a claim

---

[1] Rule 34 authorizes requests for production of documents for inspection and copying, but "[t]he request shall set forth, either by individual item or by category, the items to be inspected and describe each with reasonable particularity." Fed. R. Civ. P. 34(b). A request for "all documents and records" that relate to "any of the issues," while convenient, fails to set forth with reasonable particularity the items or category of items sought for Plaintiff's identification and production of responsive documents.

or defense. Accordingly, it is so ordered. If counsel wishes to assert a claim of privilege, she is reminded that when a party withholds information based on attorney-client privilege or the work product doctrine,

> the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5). Thus, if counsel is concerned about the production of "Plaintiff's legal file," (Doc. 21 at 3), and such is withheld on the basis of privilege, the claim of privilege shall be accompanied by a privilege log in accordance with Rule 26.

With respect to Request No. 11, which seeks any and all records of Plaintiff's application for unemployment benefits, the Plaintiff again asserts a blanket objection of overbreadth. Defendant argues that this information relates to its First Affirmative Defense that Plaintiff failed to mitigate her damages following Plaintiff's termination in 2005 to the present. Plaintiff's response to the motion clarifies that the overbreadth objection is asserted because the request is for an unspecified period of time. Plaintiff also objects to the request that she execute a release for such records. However, Plaintiff does not argue that her unemployment benefits records within the pertinent time frame are not discoverable. Therefore, Plaintiff's objection is overruled as to records of Plaintiff's application for unemployment benefits or appeal of a denial of same for the years of 2005 and 2006.

As for Request No. 12, Defendant seeks "[a]ny correspondence, documents or records you received from Defendant or any agent or representative of Defendant regarding

3

your return to work following any on-the-job injury." In response, Plaintiff cross-referenced her workers' compensation file maintained by the Defendant and in response to the motion, Plaintiff maintains that Defendant already has all responsive documents. Unfortunately, the parties have yet to satisfy each other that they do indeed have all pertinent documents. Unless the parties can agree on a more convenient way of establishing that each has all the relevant documents they need, the parties shall satisfy themselves the old-fashioned way, in which case Plaintiff shall comply with this request as it relates to the on-the-job injury (or injuries) that are at issue in this suit.[2]

Accordingly, it is **ORDERED** that **Defendant's Motion to Compel Discovery Responses** (Doc. 19) is **GRANTED in part and DENIED in part** as set out herein. Any further production made necessary hereby shall be made within twenty (20) days of the date of this Order. Defendant's request for fees and costs associated with the motion is **DENIED**.

**Done and Ordered** in Tampa, Florida, this 20th day of November 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

---

[2] By the court's observation, the parties would benefit from speaking with each other directly. Plaintiff's counsel shall initiate a conference with Defendant's counsel by telephone or in person to discuss a plan for the expeditious and inexpensive exchange of all relevant documents not yet produced.